# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2022

Lyle W. Cayce
Clerk

No. 21-10852
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PABLO CENICEROS-DELEON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-406-4

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Pablo Ceniceros-Deleon pleaded guilty to charges of committing a hate crime, carjacking, and using, carrying, and brandishing a firearm in furtherance of a crime of violence. The district court imposed concurrent terms of 180 months in prison on the hate-crime and carjacking offenses and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10852

a consecutive term of 84 months on the firearm offense.  On appeal, Ceniceros-Deleon challenges the court's denial of a postjudgment motion which argued that his guilty pleas and his request to be proceeded against as an adult were not knowing and voluntary because he did not understand the nature and consequences of his actions and his attorney failed to ensure that he did.  It is undisputed that the appeal is timely as to the denial of this motion.  Whether it is also timely with respect to the judgment is a question we do not reach because Ceniceros-Deleon challenges only the motion denial in his brief.  *See* Fed. R. App. P. 28(a)(8)(A); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Although styled as a motion for a new trial, the postjudgment motion argued that Ceniceros-Deleon should be permitted to withdraw his guilty pleas.  Ceniceros-Deleon does not show that the district court erred by declining to grant such relief.  *See* Fed. R. Crim. P. 11(e).  To the extent he separately argued that his former counsel rendered ineffective assistance, we are unable to evaluate his allegations on this record, and we therefore decline to consider this issue without prejudice to collateral review.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

AFFIRMED.